UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MARTHA A. AKERS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 09-0724 (RMU) |
| | : | | |
| v. | : | Re Document Nos.: | 8, 14, 16 |
| | : | | |
| BEAL BANK *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING IN PART AND DENYING IN PART THE DEFENDANTS' MOTION TO DISMISS;
GRANTING THE DEFENDANTS' MOTION TO STRIKE THE PLAINTIFF'S SUPPLEMENT TO THE
COMPLAINT; DENYING THE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

**I. INTRODUCTION**

This matter comes before the court on the defendants' motions to dismiss the complaint and to strike the plaintiff's supplement to the complaint, as well as the plaintiff's motion for a preliminary injunction. The *pro se* plaintiff has asserted claims for breach of contract and various torts in connection with a parcel of real estate in the District of Columbia that she formerly owned. The defendants have moved to dismiss the complaint under Federal Rules of Civil Procedure 8 and 12(b)(6). For the reasons discussed below, the court grants in part and denies in part that motion. The court also grants the defendants' motion to strike the plaintiff's supplement to the complaint and denies the plaintiff's motion for a preliminary injunction.

**II. FACTUAL & PROCEDURAL BACKGROUND**

It appears from the complaint that the plaintiff secured mortgage financing through the defendants to purchase a parcel of real estate at 8165 East Beach Drive, Northwest, in the District

of Columbia.  *See* Compl. ¶ 2.  The plaintiff allegedly paid money into an escrow account on a monthly basis to cover payments for real property taxes and insurance.  *See id.* ¶¶ 3-4, 8.  According to the plaintiff, the defendants instructed the District of Columbia's Office of Tax and Revenue to send "all papers served or required to be served regarding [the East Beach Drive] property to . . . Countrywide Home Loans" ("Countrywide") in Plano, Texas.  *Id.* ¶ 5.  Because such notices were sent directly to Countrywide, the plaintiff received no information from the District of Columbia pertaining to real property tax assessments from 2004 to 2009.  *Id.*  The plaintiff allegedly had no opportunity to challenge the assessments, and, as a result, the defendants "paid unlawful taxes levied by [the] District of Columbia" for those tax years.  *Id.* ¶¶ 5, 9.  For reasons that are not clearly articulated in the complaint, the defendants' actions negatively affected the plaintiff's subsequent bankruptcy proceedings.  *See id.*  The plaintiff brings breach of contract and tort claims against the defendants and demands $2.7 million in damages.  *See generally id.*  The defendants have moved to dismiss the complaint, *see generally* Defs.' Mot. to Dismiss ("Defs.' Mot."), and to strike the "Supplement to Complaint" filed by the plaintiff on August 14, 2009, *see generally* Defs.' Mot. to Strike.[1]  In addition, the plaintiff has moved for a preliminary injunction.  *See generally* Pl.'s Mot.  The court turns now to the applicable legal standards and the parties' arguments.

---

[1] If the plaintiff wishes to amend her complaint, she may do so only as provided in Rules 8 through 11 and 15 of the Federal Rules of Civil Procedure and Local Civil Rules 7 and 15.1.  Accordingly, the court grants the defendants' motion to strike the plaintiff's "Supplement to Complaint."

### III.  ANALYSIS

### A.  The Court Grants in Part and Denies in Part the Defendants' Motion to Dismiss

#### 1.  Legal Standard for Dismissal Under Rule 8

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading.  FED. R. CIV. P. 8.  Under Rule 8(a), a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief . . . ."  FED. R. CIV. P. 8(a).  In addition, Rule 8(e) requires that "each averment of a pleading . . . be simple, concise, and direct."  FED. R. CIV. P. 8(e).

The purpose of pleading is to give an adverse party fair notice of the claim so as to permit the party the opportunity to "file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Prows v. Dep't of Justice*, 1991 WL 111459, at *1 (D.D.C. June 13, 1991) (citing *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).  The court or opposing party must be able "to understand whether a valid claim is alleged and if so what it is."  *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

#### 2.  Legal Standard for Dismissal Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)) (citations omitted).  Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief."  *Twombly*, 550 U.S. at 555.  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  A complaint alleging facts which are "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (alterations omitted).

### 3. The Court Grants in Part and Denies in Part the Defendants' Motion to Dismiss

Although the plaintiff purports to bring a breach of contract claim, the defendants argue that she "does not identify or attach the contract at issue, and [that] she does not cite the contractual provision . . . allegedly breached."  Defs.' Mot. at 1-2.  Nor does the plaintiff distinguish between the two defendants in her allegations.  *Id*. at 2.

In addition to the legal standards for dismissal under Rules 8 and 12(b)(6), the court is mindful of its obligation to construe *pro se* pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  As drafted, the complaint alleges the following: the parties entered into a contract for mortgage financing; the plaintiff made escrow payments to cover the real property taxes and insurance costs; the defendants were obligated to pay those costs on the plaintiff's behalf from the funds in the escrow account, rendering the plaintiff unable to challenge the tax assessments; the defendants erred in their payment of the taxes; and the plaintiff incurred monetary losses as a result thereof.  *See generally* Compl.  These allegations are sufficient to put

the defendants on notice of the plaintiff's breach of contract claim and permit the defendants to prepare an adequate defense. *See Brown*, 75 F.R.D. at 498.

There are defects in the plaintiff's complaint, as the defendants duly note. *See* Defs.' Mot. at 2-3. Specifically, Count II is erroneously labeled "Damages" and the plaintiff has failed to distinguish between the two defendants, indicate the basis for her damages demand or specify what provisions of the United States Bankruptcy Code and the United States Constitution she relies on. *See generally* Compl. These deficiencies, however, are not fatal, and can be cured in an amended complaint, if the plaintiff chooses to file one, or clarified during discovery.

Because the plaintiff has adequately alleged a breach of contract claim, the court denies the defendants' motion to dismiss that claim. The court concurs with the defendants, however, that the complaint, as drafted, alleges no facts to support the plaintiff's tort claims.[2] *See Ashcroft*, 129 S. Ct. at 1949 (noting that a complaint must contain factual allegations sufficient to state a claim that is plausible on its face). Accordingly, the court dismisses without prejudice the plaintiff's claims of misrepresentation, negligence, false accusations, invasion of privacy, personal injury and abuse of process.

### B. The Court Denies the Plaintiff's Motion for a Preliminary Injunction

The plaintiff has moved for "a preliminary injunction staying the enforcement by Beal Bank or any assigner or purchaser of servicing rights to foreclose the mortgage (Deed of Trust)

---

[2] Count I of the complaint, labeled "Breach of Contract," states merely, "Defendants [sic] violation of the Contract Agreement resulted in Breach of Contract and Intentional Personal Torts: Misrepresentation, Negligence, False accusations, Invasion of privacy, Personal injury and abuse of the process." Compl. ¶ 5.

on the entitled property 8165 East Beach Drive, N.W.[,] Washington, D.C. 20012, until after this Court rules upon [plaintiff's] challenge to [defendants'] right to foreclose." Pl.'s Mot. at 1.

Injunctive relief is an extraordinary remedy, and the plaintiff bears a substantial burden to obtain it. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To prevail on her motion for a preliminary injunction, the plaintiff must demonstrate "[1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [her] favor, and [4] that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citing *Munaf v. Geren*, 128 S. Ct. 2207, 2218-19 (2008)). Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time." *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985) (citing *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931)). In general, "economic loss does not, in and of itself, constitute irreparable harm." *Id*.

If a party moving for injunctive relief fails to show irreparable injury, the court need not consider the remaining factors for issuance of a preliminary injunction. *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995). Such harm must be imminent and certain, and incapable of repair through legal remedies. *See id.* Absent from the plaintiff's motion is any assertion that she stands to suffer imminent harm that legal remedies cannot repair. *See generally* Pl.'s Mot. Indeed, the defendants represent that, pursuant to the May 5, 2009 order of the bankruptcy court, foreclosure on the East Beach Drive property has not yet been scheduled. *See* Defs.' Opp'n to Pl.'s Mot. ("Feig Decl.") ¶¶ 6-7. Accordingly, the court denies the plaintiff's motion for injunctive relief.

## IV.  CONCLUSION

For the foregoing reasons, the court grants in part and denies in part the defendants' motion to dismiss, grants the defendants' motion to strike the plaintiff's supplement to the complaint and denies the plaintiff's motion for a preliminary injunction. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 12th day of November, 2009.

RICARDO M. URBINA  
United States District Judge
