UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MARTHA A. AKERS, | : | | |
| Plaintiff, | : | Civil Action No.: | 09-0724 (RMU) |
| v. | : | Re Document Nos.: | 42, 47 |
| BEAL BANK *et al.*, | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING WITHOUT PREJUDICE THE DEFENDANTS' MOTION TO DISMISS; DENYING THE
DEFENDANTS' MOTION TO STRIKE THE PLAINTIFF'S JULY 8, 2010 DECLARATION

**I. INTRODUCTION**

This matter is before the court on the defendants' motion to dismiss based on the *pro se* plaintiff's failure to participate in discovery and adequately prosecute her case. In opposing that motion, the plaintiff has filed a supplemental declaration, which the defendants have moved to strike. For the following reasons, the court denies both of the defendants' motions.

**II. FACTUAL AND PROCEDURAL BACKGROUND**

In April 2009, the plaintiff commenced this action against Beal Bank and Countrywide Home Loans (collectively, "the defendants"), asserting breach of contract and various torts claims in connection with a property located in the District of Columbia that she formerly owned. *See generally* Compl. Shortly thereafter, the defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8. The court granted in part and denied in part the defendants' motion, ultimately allowing the plaintiff to proceed with her breach of contract claim but dismissing her tort claims. *See generally* Mem. Op. (Nov. 13,

2009).

On January 21, 2010, the court held an initial status hearing at which the plaintiff failed to appear. Minute Entry (Jan. 21, 2010). At the hearing, the court entered a scheduling order which included a discovery deadline of April 21, 2010. *Id.* As the case progressed, however, the plaintiff neglected her discovery obligations. More specifically, the plaintiff did not provide written responses to the defendants' interrogatories and failed to adequately respond to the defendants' interrogatories regarding damages. Defs.' Mot. to Compel, Ex. A., Decl. of William Liles, the Defendants' Former Attorney, ("Liles 1st Decl.") ¶¶ 2-3. Additionally, the plaintiff failed to appear on time at her deposition, which had been previously rescheduled in order to accommodate the plaintiff's schedule. *Id.* ¶ 2. Due to the plaintiff's tardiness, the deposition was cancelled altogether. *Id.* ¶¶ 11, 13. Based on these events, the defendants filed a motion asking the court to compel the plaintiff to participate in discovery and to attend her deposition. *See generally* Defs.' Mot. to Compel.

On May 18, 2010, the court held an interim status hearing to which the plaintiff showed up an hour late. During the hearing, the court granted the defendants' motion to compel. Minute Entry (May 18, 2010). The court further advised the plaintiff that if she continued to neglect her discovery obligations, the case would be dismissed. Additionally, the court granted the defendants a forty-five day extension (until July 2, 2010) to complete their discovery and to depose the plaintiff, and ordered that the plaintiff pay, by July 17, 2010, $255 to cover the costs for costs for the April 21, 2010 deposition which never occurred due to the plaintiff's failure to appear on time. Minute Entry (May 18, 2010).

On June 8, 2010, because the plaintiff had not yet fulfilled these obligations, the

defendants filed a second motion to dismiss under Rules 37 and 41. *See generally* Defs.' 2d Mot. to Dismiss. In response, the plaintiff filed an opposition on June 23, 2010, *see* Pl.'s Opp'n to Defs.' 2d Mot. to Dismiss ("Pl.'s Opp'n"), and later filed a supplemental declaration on July 8, 2010, after the defendants had already submitted their reply, *see* Pl.'s July 8, 2010 Decl. In her three-sentence declaration, the plaintiff states that on June 22, 2010, she submitted the required written responses to the defendant and on July 2, 2010, she attended her deposition. Pl.'s July 8, 2010 Decl. at 1. The defendant subsequently moved to strike the plaintiff's filing. *See* Defs.' Mot. to Strike at 1.

With the defendants' second motion to dismiss and motion to strike now ripe for the court's consideration, the court turns to the parties' arguments and the applicable legal standards.

### III. ANALYSIS

#### A. The Court Denies the Defendants' Motion to Strike the Plaintiff's July 8, 2010 Declaration

The defendants argue that the plaintiff's supplemental declaration constitutes a sur-reply and, as such, is unauthorized under the Federal Rules of Civil Procedure. Def.'s Mot. to Strike at 1. The defendants further assert that the plaintiff's supplemental declaration does not address arguments laid out in their second motion to dismiss. *Id*.

The court is at liberty to consider supplemental materials filed by a *pro se* litigant when those materials clarify the litigant's claims. *Schmidt v. Shah*, 696 F. Supp. 2d 44, 60 (D.D.C. 2010) (declining to strike the *pro se* plaintiff's supplemental filing because it was helpful to the court in understanding the plaintiff's claims (citing *Wada v. U.S. Secret Serv.*, 525 F. Supp. 2d 1,

9 (D.D.C. 2007))). Additionally, "[t]he decision to grant or deny leave to file a surreply is committed to the sound discretion of the court." *See e.g.*, *Am. Forest & Paper Ass'n, Inc. v. Envtl. Protection Agency*, 1996 WL 509601, at *3 (D.D.C. Sept. 4, 1996). In making its decision, the court considers whether the sur-reply is helpful to the adjudication of the motion to dismiss and whether the defendant will be unduly prejudiced if the court grants leave to allow the sur-reply. *Id.*

The plaintiff's July 8, 2010 declaration provides additional information that assists the court in determining whether the plaintiff has fulfilled her discovery obligations. *See* Pl.'s July 8, 2010 Decl. The court determines that this supplemental information, most of which would not have been available at the time that her original opposition was filed, is necessary to resolve the merits of the defendant's motion to dismiss. *See Dixon v. Midland Mortg. Co.*, 719 F. Supp. 2d 53, 57 (D.D.C. 2010) (considering the plaintiff's untimely opposition because of the judicial preference for adjudicating a case on its merits rather than dismissing it "based on technicalities"). Additionally, the court notes that the defendants had an opportunity to respond to the plaintiff's declaration when they filed their motion to strike, and thus, they have not been unduly prejudiced by the court's consideration of the plaintiff's supplemental declaration. Accordingly, the court declines to strike the plaintiff's July 8, 2010 declaration from the record.

### B. The Court Denies the Defendant's Second Motion to Dismiss

The defendants urge the court to grant dismissal because the plaintiff has repeatedly disobeyed the court's orders and engaged in a "consistent pattern in which she has refused to follow discovery obligations." Def.'s 2d Mot. to Dismiss at 3-4; *see also* Def.'s Reply at 1-2. Through her supplemental declaration, the plaintiff informed the court that she had complied

with her discovery obligations in accordance with the court's May 18, 2010 order. Pl.'s July 8, 2010 Decl. at 1.

The court has the discretion to dismiss a complaint with prejudice when a plaintiff fails to prosecute the complaint, fails to follow the federal rules or fails to follow court orders. FED. R. CIV. P. 41(b); LCvR 83.23. Additionally, the court acts within its discretion in dismissing a matter when a plaintiff has failed to participate in discovery. FED. R. CIV. P. 37(b) (providing that a court may dismiss an action if a party fails to obey a court's order compelling discovery); *see also Weisberg v. Webster*, 749 F.2d 864, 869 (D.C. Cir. 1984) (affirming the district court's dismissal of a case where the plaintiff had refused to respond to the defendant's discovery requests); *Handy v. Shaw, Bransford, Veilleux & Roth*, 2006 WL 3791387, at *7-8 (D.D.C. Dec. 22, 2006) (dismissing the case pursuant to Rule 37 due to the plaintiff's noncompliance with the court's orders requiring that the plaintiff comply with her discovery obligations). The court is mindful, however, that "dismissal is a severe sanction, and should be resorted to only to the extent necessary to induce future compliance and preserve the integrity of the system." *Weisber*, 749 F.2d at 869.

Additionally, the court recognizes the general principle that *pro se* litigants are provided with some latitude in maneuvering through the trial process and that the court should, when appropriate, provide some assistance in this regard. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993) (discussing "the importance of providing *pro se* litigants with the necessary knowledge to participate effectively in the trial process"). By no means, however, does a *pro se* plaintiff carry a "license . . . to ignore the Federal Rules of Civil Procedure." *Id.*

As previously expressed at the interim status hearing, the court will not tolerate the

plaintiff's neglect in prosecuting her case. The court reminds the plaintiff, yet again, that failure to participate in these proceedings will lead to the dismissal of her complaint. At this juncture, however, it appears that the plaintiff has fulfilled her discovery obligations as ordered by the court on May 18, 2010, and the defendant has not provided any information to the contrary. *See generally* Def.'s Mot. to Strike (not contesting the fact that the plaintiff had attended her deposition and provided written responses to the defendants' discovery requests, as required). Accordingly, the court declines to take the drastic measure of dismissing this case.

### IV. CONCLUSION

For the foregoing reasons, the court denies without prejudice the defendants' second motion to dismiss and denies their motion to strike the plaintiff's July 8, 2010 declaration. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of January, 2011.

RICARDO M. URBINA  
United States District Judge