**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

MARTHA A. AKERS,                          :
                                          :
            Plaintiff,                    :      Civil Action No.:      09-0724 (RMU)
                                          :
            v.                            :      Re Document No.:      55
                                          :
BEAL BANK *et al.*,                       :
                                          :
            Defendants.                   :

<u>MEMORANDUM OPINION</u>

GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the court on the defendants' motion for summary judgment.

The *pro se* plaintiff brings claims for breach of contract in connection with a residential property

in the District of Columbia.  She asserts these claims against her former mortgage service

providers, who now move for summary judgment.  Because the defendants have demonstrated

that there is a dearth of evidence from which a reasonable juror could conclude that the

defendants breached the contract at issue, the court grants the defendants' motion for summary

judgment.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff owned a residential property located in Northwest Washington, D.C.  Am.

Compl. ¶ 2.  In association with that property, she obtained a mortgage loan from a bank, and

executed a Note and a Deed of Trust.  *See id.*, Ex. A ("Deed of Trust") at 1; Def.'s Mot., Parra

Decl., Ex. A ("Note").  Under the terms of the Deed of Trust, the plaintiff was required to pay

the mortgage service providers an amount in escrow to cover the payments of her annual tax

assessments and insurance in connection with the property.  Deed of Trust at 2.  In turn, the

mortgage service providers were responsible for paying her annual tax assessments and

insurance payments.  *Id.*  In 2003, the mortgage service provider at the time, Countrywide Home

Loans ("Countrywide") requested that the D.C. Office of Tax and Revenue mail all future

notices to Countrywide.  Pl.'s Opp'n ¶ 5-6.

In April 2009, the plaintiff commenced this breach of contract suit against the mortgage

service providers, Beal Bank and Countrywide,[1] asserting that they breached the Deed of Trust.

Am. Compl. ¶ 4.  As the court understands the complaint, the plaintiff specifically alleges that

the defendants failed to timely pay her property tax bill, resulting in late fees, penalties and

interest.  *Id.*  Further, she claims that the defendant misapplied certain payments to her escrow

account that should have been applied to pay her principal and interest, and charged

inappropriately large late fees.  *Id.* at 9.  In addition, she claims that the defendants failed to

provide her with timely notices from the District's Office of Tax and Revenue regarding tax

assessments on the property and, as a result, deprived her of opportunities to appeal the

assessments from 2004 through 2009.  *See id.* ¶¶ 6-8.

The defendant has filed a motion for summary judgment.  With the defendant's motion

now ripe for consideration, the court turns to the parties' arguments and the applicable legal

standards.

## III.  ANALYSIS

### A.  Legal Standard for Summary Judgment

Summary judgment is appropriate when the pleadings and evidence show "that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[1]        The first mortgage service provider, Beal Bank, was succeeded by Countrywide, now known as
BAC Home Loan Servicing LP.  *See* Defs.' Mot., Conner Decl. ¶ 4; *id.*, Parra Decl. ¶ 1.

law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine dispute" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment.  *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006).  Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."  *Greene*, 164 F.3d at 675.

\

## B.   The Court Grants the Defendant's Motion for Summary Judgment

## 1.   The Parties' Arguments

The defendants argue that they did not violate any provision of the Deed of Trust when they requested and received the plaintiff's tax assessments. Defs.' Mot. at 7. To the contrary, they assert that the Deed of Trust explicitly authorized their receipt of the plaintiff's tax assessments. *Id.* The defendants contend that they would routinely pay the plaintiff's property taxes out of the escrow fund, and they "regularly notified Plaintiff of her property tax obligations," as required by the Deed of Trust. Defs.' Reply at 3; *see also* Defs.' Mot. at 7-10. According to the defendants, "the evidence of record [indeed shows that] the Defendants regularly notified Plaintiff of her Tax Bills throughout the period in question, and [that] Plaintiff accepted the taxes levied by the District of Columbia without objection despite Countrywide's disclosures." Defs.' Mot. at 9-10. The defendants deny that their actions in any way impeded the plaintiff's ability to timely appeal her tax assessments to the District of Columbia. *Id.*

In response to the defendants' motion,[2] the plaintiff asserts that she "was stripped of the right to be informed of and challenge the tax assessments on the property from 2004-2009,

---

[2]     In addition to her opposition, the plaintiff filed an affidavit that was neither sworn nor affirmed to. *See* Pl.'s Aff.; Pl.'s Opp'n. Both her opposition and this affidavit are replete with new charges and attempts to resuscitate several tort claims that the court has already dismissed. *See* Pl.'s Aff.; Pl.'s Opp'n. The court will not entertain any claims advanced by the plaintiff in her opposition filings that are unrelated to her breach of contract claim and that are not put forth in her amended complaint. *George v. Bank of Am. N.A.*, 2011 U.S. Dist. LEXIS 125391, at *12 (D.D.C. Oct. 31, 2011) (declining to consider a *pro se* plaintiff's claims that were added in an opposition and not included in the complaint). Additionally, insofar as the plaintiff attempts to challenge actions that occurred in the her separate bankruptcy proceeding, the court agrees with the defendants' contention that review of those actions lies properly through an appeal of the bankruptcy proceedings. *See* Defs.' Reply at 4-5 n.7. The bankruptcy rules set out clear procedures by which a debtor may appeal a decision of the bankruptcy court, and the plaintiff should not be allowed to circumvent those rules by filing a separate civil action instead of appealing her bankruptcy case. *See, e.g.*, USCS Bankruptcy R. 8002 (setting forth a timeline for appeals of bankruptcy proceedings); *see also Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 1999 WL 284788, at *4 (N.D. Ill. Apr. 26, 1999) ("It is beyond cavil that past bankruptcy practice, as well as explicit Bankruptcy Code provisions, have left the remedy for fraudulent and otherwise defendant proofs of claim to the Bankruptcy Code.").

because all notices were sent to Countrywide." Pl.'s Aff. ¶ 7. The plaintiff concludes, without

any argument or reasoning, that the defendants' exhibits are "at odds." Pl.'s Opp'n ¶ 2. She

instead asks that the court not consider the declarations provided by the defendant because the

declarants do not have personal knowledge of the events at issue, and because the documentation

attached to the affidavit has not been properly authenticated. *Id.*

The defendants observe in their reply that the plaintiff does not provide any "deposition

testimony, sufficient citations to the record, or other admissible evidence" that would negate the

material facts as presented by the defendants. Defs.' Reply at 2. Moreover, they note that the

plaintiff does not rebut the defendants' evidence "with any argument or evidence to the

contrary," and that her unsubstantiated attacks on the defendants' affiants does not create a

genuine dispute of material fact. *Id.* at 3.

### 2.  The Court Properly Considers the Declaration by Samantha Parra

In support of their motion for summary judgment, the defendants provide a declaration by

Countrywide's litigation specialist, Samantha Parra. *See* Defs.' Mot., Ex. 3 ("Parra Decl."). As

noted, the plaintiff objects to the court's consideration of this declaration, asserting that the

exhibits attached to the declaration were not authenticated and arguing that Parra lacked personal

knowledge of the pertinent events. Pl.'s Opp'n ¶ 2.

"An affidavit or declaration used to support or oppose a motion must be made on

personal knowledge, set out facts that would be admissible in evidence, and show that the affiant

or declarant is competent to testify on the matters stated." FED R. CIV. P. 56(c); *see also*

*Londrigan v. Fed. Bureau of Investigation*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (noting

that "[a]n affidavit based merely on information and belief is unacceptable"). An affiant who

reviews the business records of the organization that he or she is affiliated with, and who testifies on the basis of information acquired through the performance of his or her official duties, may be deemed competent by the court to testify as to those records. *Elliott v. Fed. Bureau of Prisons*, 2006 U.S. Dist. LEXIS 94342, at \*20-21 (D.D.C. Oct. 17, 2006).

Under penalty of perjury, Parra represents that she has "personal knowledge of the facts contained in [her] declaration based on [her] review of the records of Countrywide, which are made and kept in the ordinary course of its business." Parra Decl. ¶ 1. If called as a witness, Parra attests that she "could and would testify competently" with respect to these business records, and affirms that the exhibits attached to her affidavit are "true and correct copies." *Id.* Furthermore, the court's own review of this supporting documentation, which includes exemplars of the account statements and bills that Countrywide sent to the plaintiff during the period in question, has not raised anything which would bring into question Parra's descriptions of these records. Thus, the court concludes that Parra's declaration and the attached documentation comply with the prescripts of Rule 56(c) regarding personal knowledge.

Finally, with respect to the plaintiff's objections concerning authentication, the court notes that the 2010 amendments to Federal Rule of Civil Procedure 56 "eliminated the unequivocal requirement that documents submitted in support of a summary judgment motion must be authenticated." *ForeWord Magazine, Inc. v. OverDrive, Inc.*, 2011 U.S. Dist. LEXIS 125373, at \*4 (W.D. Mich. Oct. 31, 2011); *see also* FED. R. CIV. PROC. 56, advisory committee notes (dispensing with the requirement that "a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration"). Under the current version of Rule 56, a litigant may support or oppose a motion for summary judgment by citing to materials in the record. *See* FED. R. CIV. P. 56(e)(1). The burden then falls "on the proponent to show that

the material is admissible as presented or to explain the admissible form that is anticipated." *Id.*, advisory committee notes. Because the documentation at issue here would be admissible as a business record, *see* FED. R. EVID. 803(6), and because Parra's declaration is "sufficient to support a finding that the item is what the proponent claims it is," *see* FED. R. EVID. 901, the court determines that it may properly consider the documentation attached to Parra's declaration, as well as Parra's declaration.

Having determined these preliminary issues, the court now turns to discuss the evidence presented by the parties either demonstrating or negating the plaintiff's claims that the defendants breached the Deed of Trust.

### 3. The Plaintiff Provides No Evidence That Would Allow a Reasonable Juror to Conclude that the Defendants Committed a Breach of Contract

Under District of Columbia law, to prevail on a claim of breach of contract, a party must establish, among other elements, that there was a breach of a duty owed and that damages were caused by the breach. *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009). Parra attests, under the penalty of perjury, that Countrywide "provided Plaintiff with regular account statements and bills between 2004 and 2007, notifying Plaintiff of her monthly balance due and of the taxes charged by the District of Columbia." *Id.* ¶ 7. As an attachment to the affidavit, the defendants provide a sampling of those statements and bill notices. *Id.*, Ex. D. Parra also declares that "[u]pon receipt of the Real Property Tax Bills from the District of Columbia, Countrywide paid Plaintiff's property taxes out of the escrow fund." *Id.* ¶ 8. She refers the court to a copy of the "loan history," a document tracking all of the activity on the plaintiff's loan from November 2003 until July 2007, to support her contention that Countrywide paid the property taxes from the plaintiff's escrow account. *Id.*, Ex. E. Additionally Parra states, "[a]t all times,

Defendants applied Plaintiff's payments to her account in the order governed by . . . the Deed of Trust, first to prepayment charges, then to escrow payments, then to interest due, then to principal due, and last to any late charges." *Id.* ¶ 9.  Lastly, with respect to any late charges incurred by the plaintiff, Parra affirms that such charges were a result of the plaintiff's failure "to make the monthly payments required by the Note and Deed of Trust." *Id.* ¶ 10.

Turning then to the plaintiff's evidence, the court observes that as the nonmoving party, the plaintiff may not rely solely on allegations or conclusory statements.  *Greene*, 164 F.3d at 675; *Harding*, 9 F.3d at 154.  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor.  *Greene*, 164 F.3d at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50 (internal citations omitted).  Moreover, "evidence laying dormant in the record is not enough to allow a litigant to survive summary judgment, for the district court is not 'obliged to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make his own analysis and determination of what may, or may not be a genuine issue of material disputed fact.'"  *Potter v. District of Columbia*, 558 F.3d 542, 550 (D.C. Cir. 2009) (quoting *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988)).

The plaintiff has offered no discernible evidence that controverts the defendants' arguments and evidence.  More importantly, however, she fails to provide the court with any evidence to support her allegations, *i.e.* evidence that the defendants breached the Deed of Trust by failing to pay her property tax bill on time, misapplying her payments to her escrow account, charging her inappropriately large late fees and failing to provide her with timely notices from the tax authority.  Am. Compl. ¶¶ 6-8.  Although she attaches some documents to her opposition, she fails to explain to the court their significance; nor is their relevance evident.  *See generally*

8

Pl.'s Opp'n.  Indeed, the plaintiff neglects to provide the court with even her own sworn statement or a statement made under penalty of perjury.

The court further observes that the plaintiff, although *pro se*, currently has four cases before this court and is no stranger to litigation or to the rules of this court.  *See Akers v. Liberty Mut. Group*, Civ. No. 08-1525; *Akers v. Beal Bank*, Civ. No. 09-724, *Akers v. Winward Capital Corp.*, Civ. No. 10-1300, *Akers v. Winward Capital Corp.*, Civ. No. 11-674.  Indeed, she has been repeatedly warned – both in this case as well as in others – that she must familiarize herself with the rules of procedure and actively prosecute her case or risk dismissal.  *See, e.g.*, Mem. Order (Jan. 11, 2011) at 6 (warning the plaintiff that her "failure to participate in these proceedings will lead to the dismissal of her complaint"); *Akers v. Liberty Mut. Group*, Civ. No. 08-1525, Hr'g Tr. (Oct. 8, 2009) at 13 (noting that the court found the plaintiff to be "quite capable" and underscoring that "from this point forward" the plaintiff was going to have to study the rules to ensure her compliance).

Given the procedural posture of this case and the history of the plaintiff's failure to prosecute her cases before this court, the court will not overlook the plaintiff's failure to provide any evidence from which a reasonable juror could determine that the defendants violated the Deed of Trust.  *See* FED. R. CIV. P. 56(c) (noting that a party can succeed on a summary judgment motion by showing that the adverse party has not produced admissible evidence that establishes a genuine dispute of fact, and stating that "the court need consider only the cited materials" when ruling on a summary judgment motion).  Accordingly, the court therefore grants

summary judgment to the defendants.[3]

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for summary

judgment.  An Order consistent with this Memorandum Opinion is separately and

contemporaneously issued this 29th day of February, 2012.

RICARDO M. URBINA
United States District Judge

---

[3]     The plaintiff also alleges that she was unable to appeal the tax assessments during the 2004-2009
time period because the defendants received the tax assessments and did not provide her proper
notice. Am. Compl. ¶ 7.  Yet the defendants' evidence only refers to the 2004-2007 time period.
*See generally* Defs.' Mot.  According to the defendants, the plaintiff erroneously includes the
2008-2009 time period in her allegations because "the last taxes which the plaintiff could seek to
attribute to defendants were those assessed in 2006." *Id*. at 9.  More specifically, the defendants
argue that the plaintiff's claims regarding 2008-2009 must fail because "she knew the value of
her tax payments in 'late 2006,' and [] first petitioned for an administrative review of her property
taxes in March of 2007." *Id.*  The plaintiff provides no response to this argument.  *See generally*
Pl.'s Opp'n.  Because the plaintiff testified that she was alerted as to the potential appeal of tax
assessments as early as "late 2006," *see* Def.'s Statement of Facts, Pl.'s Dep. at 128, and because
the plaintiff provides no response to the defendants' argument, the court grants summary
judgment as to the plaintiff's allegations regarding the 2008-2009 time period as well.  *See Lewis
v. District of Columbia*, 2011 U.S. App. LEXIS 2175, at *4 (D.D.C. Feb. 2, 2011) (noting in a
case where the plaintiff proceeded *pro se* that it was nevertheless "well understood in this Circuit
that when a plaintiff files an opposition to a dispositive motion and addresses only certain
arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to
address as conceded").